UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRICO CIUCIU,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONS CENTER, et al.,

Respondents.

No. 1:26-cv-03274-DJC-JDP

ORDER

A# 087-918-346

Petitioner Enrico Ciuciu is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). The Court initially identified that this case may be similar to others previously addressed by the Court. (ECF No. 5.) However, on review of the information provided by Respondents, those cases are not applicable here.

**BACKGROUND**

Petitioner is a native and citizen of Romania who entered the United States several years ago. (Pet. ¶¶ 1, 15.) Petitioner was ordered removed to Romania in 2019, but was also granted withholding of removal to Romania. (ECF No. 7-1.) Petitioner was recently re-detained by immigration officials after he was previously released from custody.

1

**DISCUSSION**

Petitioner has established that his re-detention violates 8 C.F.R. § 241.13(i)(2) and is unconstitutional as it amounts to indefinite detention.  It is undisputed that Petitioner is subject to a final removal order.  As such, ICE has the authority to detain Petitioner to affect his removal as a non-citizen.  *See Phan v. Becerra*, No. 2:25-cv-01757-DC-JDP, 2025 WL 1993735, at *3 (E.D. Cal. July 16, 2025); *see also* 8 U.S.C. § 1231.  However, Petitioner was previously released from custody.

Where a noncitizen subject to a final order of removal has been released, revocation of that release is governed by 8 C.F.R. § 241.13(i).  *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025).  Respondents assert that Petitioner's present detention is valid under 8 U.S.C. § 1231(a)(6).  (Opp'n (ECF No. 7).)  Respondents are mistaken.  That provision permits continued detention for certain individuals who are already detained "beyond the removal period[.]"  8 U.S.C. § 1231(a)(6).  It does not provide a legal basis to re-detain an individual who has already been released after it was determined that removal was not foreseeable. The decision to revoke Petitioner's release and detain is thus governed by Section 241.13(i).

Section 241.13(i)(2) provides that revocation of release is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."  The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred.  *See Hoac*, 2025 WL 1993771, at *3.  "[W]hen ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed."  *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025).  Where ICE has made a determination that a change of circumstances has occurred,

the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f).

*See Hoac*, 2025 WL 1993771, at *3.  These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, the Government has not made any meaningful showing that there is a change in circumstances justifying Petitioner's detention.  Respondents openly admit in their response that Petitioner is subject to removal to a third country and that "Respondents do not currently have any specific information to offer the Court about a possible third country placement at this time." (Opp'n at 2.)  Given the failure to provide any evidence that Petitioner is likely to be removed, Respondents have failed establish that any of the factors under 8 C.F.R. § 241.13(f) weigh in favor of a finding that there has been a change in circumstances.  The Government has been unable to remove Petitioner since he was first ordered removed in 2019 and there is presently no evidence that there is any reason to believe circumstances have changed.  While Respondents argue that "[d]etention . . . facilitates the process of identifying a country for removal and efficiently obtaining the necessary information from Petitioner to obtain any travel document that may be necessary to effectuate the removal order[,]" (*id.*), this is not a valid basis to subject Petitioner to detention where there is not a change in circumstances such that removal is reasonably foreseeable.  Accordingly,

Petitioner has established that his present detention violates 8 C.F.R. § 241.13 and is thus unlawful.[1]

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2 of the Petition.[2]

2.  Respondents are ordered to immediately release Enrico Ciuciu from their custody.  Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.

3.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner a change in circumstances to warrant Petitioner's re-detention.

4.  The Clerk is directed to serve California City Detention Facility with a copy of this Order.

5.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

Dated:  May 7, 2026

/s/ Daniel J. Calabretta
_____
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

---

[1] In so finding, the Court does not determine that it is necessarily impossible that Respondents will be unable to show a change of circumstances in the future.  But it is Respondents' burden to establish a change in circumstances, and they are clearly unable to meet that burden at this time.

[2] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

4